## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ELIAS CAMPOS,

        Petitioner,

vs.                                    CIV  NO. 06-621 JB/ACT

NEW MEXICO DEPARTMENT OF
CORRECTIONS,

        Respondent.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Elias Campos' Petition for the Writ of Habeas Corpus.  Petitioner filed his Petition on July 7, 2006.  [Doc. No. 1].  Respondent filed an Answer, with accompanying Exhibits, on October 23, 2006, together with a Motion to Dismiss and a Memorandum in Support. [Doc. Nos. 13, 14 and 15].  Petitioner has filed three responsive pleadings to the Respondent's Motion to Dismiss. [Doc. Nos. 16 ,18 and 19].  The District Court Judge to whom this case has been assigned entered an Order of Reference directing this Court to recommend an ultimate disposition of this case. [Doc. No. 5].

     The United States Magistrate Judge, having reviewed the Petition, the Answer, the accompanying Exhibits, the Motion to Dismiss, the Petitioner's Responses, including Petitioner's Motion to Dismiss the Respondent's Motion to Dismiss, and the relevant law, finds that  the

Petitioner has failed to exhaust his state remedies.  However, instead of recommending that the Petitioner be instructed to exhaust his state remedies (meaning that the Petition would be denied without prejudice) the United States Magistrate Judge recommends that the Petition be DENIED WITH PREJUDICE because the Petition fails to state a claim upon which relief can be granted. Even if Petitioner were to fully exhaust his state remedies, the effort would be an exercise in futility and a wasteful use of judicial resources as the Petition fails to allege a violation of Petitioner's constitutional rights.

The Court also recommends that the Respondent's Motion to Dismiss be GRANTED because the Petitioner has failed to state a claim upon which relief can be granted; that the Petitioner's Motion to Strike the Respondent's Pleadings be DENIED because the Respondent has in fact complied with the District Court's Local Rules; and  that Petitioner's request for the appointment of an attorney, contained in his Response to Respondent's Motion to Dismiss, be DENIED.

<u>PROPOSED FINDINGS</u>

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a Judgment and Order Partially Suspending Sentence of the Third Judicial District Court, County of Doña Ana, State of New Mexico, in case No. CR-2004-0840. [Answer, Exhibit A].  Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner entered a guilty plea in the Third Judicial District Court on April 1, 2005 to one count of Larceny, a third degree felony and one count of Tampering with Evidence, a fourth degree felony.  The crimes occurred on or about July 9, 2004. [Answer, Exhibit A].

3.  Petitioner had been released on bond shortly after his arrest in July, 2004.  While out on bond, in the window of time between his April 1, 2005 guilty plea and his state court sentencing, Petitioner was arrested by United States Border Patrol Agents and charged with the federal crimes of conspiracy, transporting illegal aliens and aiding and abetting. [Answer, Exhibit J].   The arrest took place on April 18, 2005.

4.  Petitioner was released on bail in the federal criminal proceedings shortly after his arrest by the United State Border Patrol Agents. [Answer, Exhibit J].

5.  Petitioner failed to appear at his state court sentencing on May 31, 2005.  The state court, the Third Judicial District, County of Doña Ana, issued a bench warrant for his arrest. [Docket Sheet in state court case D-307-CR-200400840].  The prior week, however, on May 24, 2005, the federal district court, the United States District Court, Las Cruces, New Mexico, also issued an arrest warrant for Petitioner. [Answer, Exhibit J].

6.  Petitioner turned himself in shortly thereafter and was placed in federal custody.

7.  On July 18, 2005, the state court issued a Writ of Habeas Corpus ad Prosequendum[1] to the United States Marshal for the District of New Mexico and the Sheriff of Doña Ana County commanding the U.S. Marshal to deliver the Defendant Elias Campos to the Sheriff on or before a certain date so that the Sheriff may transport the Defendant to the Third Judicial District Court in order for the Defendant to appear for his sentencing.  The Writ further directed the Sheriff to deliver the Defendant back to the U.S. Marshal after the conclusion of the sentencing. [Docket Sheet in state court case D-307-CR-200400840 available on-line at http://www.nmcourts.com

---

[1] A Writ of Habeas Corpus ad Prosequendum is a writ used in criminal cases to bring before a court a prisoner to be tried on charges (or sentenced, as in this case) other than those for which the prisoner is currently being confined. Black's Law Dictionary, 7th Edition.  See, Jake v. Herschberger, 173 F. 3d 1059 (7th Cir. 1999).

using Case Lookup].

8.  The state sentencing hearing was rescheduled and a second Writ of Habeas Corpus ad Prosequendum, again directed to the United States Marshal and the Sheriff of Doña Ana County, was issued on August 2, 2005. The Writ directed the United States Marshal to deliver the Petitioner to the Doña Ana Sheriff on or before August 5, 2005 to appear for sentencing. [Docket Sheet in state court case D-307-CR-200400840].

9.  Petitioner was transported to the Third Judicial District Court and sentenced on August 5, 2005[2] to six years and six months to be followed by two years on parole.  The Order suspended three years of the sentence and directed that Petitioner be placed on supervised probation for a period of three years running concurrently with the two years on parole. [Answer, Exhibit A].  After his sentencing in state court, in accordance with the Writ of Habeas Corpus ad Prosequendum, Petitioner was returned to the custody of the United States Marshal.

10.  Petitioner entered into a plea agreement on his federal criminal charges, was sentenced to ten months in federal prison and has now served that sentence. [Answer, Exhibits G., H, and I]. After the completion of his federal sentence, Petitioner was transferred to the custody of the New Mexico Department of Corrections where he began serving the state court sentence imposed in D-307-CR-200400840.  Petitioner is currently serving this state sentence.

11. Petitioner filed a Motion to Reduce his Sentence with the state court, the Third

---

[2] There is a discrepancy between the date noted in the Judgment and Order Partially Suspending Sentence, [Answer, Exhibit A], and the docket sheet of the state criminal case. [Docket Sheet in state court case D-307-CR-200400840].  The Judgment states that the Petitioner was sentenced on July 25, 2005.  The docket shows that the original sentencing hearing set for July 25, 2005 was rescheduled and held instead on August 5, 2005.  The date of sentencing  apparently took place on August 5, 2005 but the originally prepared Judgment was not modified to reflect this date change. The Judgment and Order Partially Suspending Sentence was entered of record August 15, 2005, consistent with both the docket and file stamp.

Judicial District Court, County of Doña Ana, on July 10, 2006, but the sentencing judge, Judge

Silvia Cano-Garcia, denied the motion for lack of jurisdiction. [Answer, Exhibits D and E].[3]

12. On September 5, 2006, Petitioner filed a Petition for the Writ of Habeas Corpus in the

Third Judicial District Court, County of Doña Ana. [Answer, Exhibit L]. The Petition raised a

claim of Ineffective Assistance of Counsel and stated five specific areas in which he alleged his

two appointed counsels had been ineffective. The case was assigned to Judge Douglas R.

Driggers who summarily denied the Petition on November 28, 2006. [Docket Sheet in state court

case D-307-CR-200400840.][4]

13. Petitioner filed this Petition for the Writ of Habeas Corpus on July 7, 2006. [Doc. No.

1]. Petitioner raised one claim in this Petition, that the state court did not have jurisdiction over

him when they sentenced him in the summer of 2005 on his state criminal charges. He supports

this argument with two contentions: 1) that the state court usurped the federal court's jurisdiction

with a "Writ of Seperation" [sic] on which the sentencing judge changed the date in open court;

and 2) that Petitioner needed to be wearing the orange state court prisoner's uniform in order to

be sentenced by a state court judge but the U.S. Marshal deputies explicitly told the Doña Ana

County Detention Facility officers not to have Petitioner change out of his green federal prisoner

---

[3] Petitioner has pointed out that the Certificate of Service on Judge Cano-Garcia's Order entered of record August 28, 2006, shows that a copy of the Order was sent to the wrong prisoner, an Erik Alvarado. [Answer, Exhibit E]. Undoubtedly, these kind of clerical errors (wrong dates, wrong names) frustrate Petitioner. But this error, like the one involving the date of the sentencing that may have occurred on the Judgment and Order Partially Suspending Sentence, does not rise to the level of a violation of constitutional rights.

[4]The Docket Sheet in state court case D-307-CR-200400840 also reflects that this Order Summarily Dismissing Petition for Habeas Corpus relief has not yet been sent to Petitioner because the state court does not have his current address. The Court received a copy of the Order by fax directly from the Third Judicial District Clerk's office.

uniform for his state court sentencing.  Petitioner was wearing a green federal prisoner's uniform when he was sentenced in state court.

14.  The claim that the state court usurped the jurisdiction of the federal court was not brought forth in the state Petition for the Writ of Habeas Corpus and therefore was not addressed in the Order Summarily Dismissing the Petition for the Writ of Habeas Corpus.

<u>PETITIONER'S WRIT WOULD ORDINARILY BE  DISMISSED
WITHOUT PREJUDICE BECAUSE PETITIONER
FAILED TO EXHAUST HIS REMEDIES IN STATE COURT</u>

15.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) states that an application for the writ of habeas corpus for a person in custody pursuant to a judgment of a State court will not be granted "unless it appears that – (A)  the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254 (B)(I).

16.  The doctrine of the exhaustion of state remedies requires that a state prisoner who seeks a petition for the writ of habeas corpus in federal court first adequately present his claims to the state courts below.  The purpose of the exhaustion requirement is to allow the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal courts.  <u>Vasquez v. Hillary</u>, 474 U.S. 254, 257 (1986) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971).

17.  Petitioner has repeatedly argued that the state courts below either cannot or would be reluctant to rule upon his alleged claim that the state court usurped the jurisdiction of the federal courts and therefore is under no obligation to bring these two claims to the attention of the state

court.  Petitioner is mistaken.  State courts can and will readily address claimed violations of the

Constitution of the United States.  If Petitioner has  truly suffered a violation of the Constitution,

laws or treaties of the United States, the state courts are just as capable of remedying that

violation as the federal courts would be.

18.  It is normally a requirement of the AEDPA that Petitioner must first present all his

claims to the state courts and exhaust all remedies available to him in the state courts (including

appeals in the state courts) before presenting these claims to the federal court in a petition for the

writ of habeas corpus.  This Court will not ordinarily entertain a Petitioner's claims until he has

raised and subsequently exhausted these claims in the New Mexico courts.

19.  However, the AEDPA also allows this Court to deny an application for the Writ of

Habeas Corpus on the merits notwithstanding the failure of the application to exhaust the

remedies available in the state courts.  28 U.S.C. § 2254(b)(2).   When the Petition fails to even

allege a claim for Habeas Corpus relief, the Court may deny the application for the Writ on the

merits.  Hoxsie v. Kerby, 108 F. 3d 1239 (10th Cir. 1997), cert. denied, 522 US 844 (1997).


THE PETITION FAILS TO ALLEGE A VIOLATION
OF PETITIONER'S CONSTITUTIONAL RIGHTS

20.  Petitioner argues that the state court did not have jurisdiction over him at the time of

his sentencing on August 5, 2005.[5]  He argues that the Writ of Habeas Corpus ad Prosequendum

(which he calls a Writ of Seperation [sic]) was outdated, that Judge Cano-Garcia whited out a

---

[5]Petitioner contends he was sentenced on August 15, 2005 but this was the date that the
Judgment and Order Partially Suspending Sentence was entered of record.  Petitioner's actual
sentencing, at which he was present, took place on August 5, 2005.

7

date on the Writ and proceeded illegally.  These contentions are easily refuted by the record of

Petitioner's Criminal Case, No. D-307-CR-200400840.  The first Writ of Habeas Corpus ad

Prosequendum was issued for the original sentencing date of July 25, 2005.  But that sentencing

hearing was rescheduled for August 5, 2005.  A second Writ of Habeas Corpus ad Prosequendum

was issued on August 2, 2005 specifically directing the Sheriff to deliver the Petitioner on or

before August 5, 2005 for sentencing. [Docket Sheet in D-307-CR-200400840, entries dated

August 2 - 5, 2005.]

   In <u>Jake v. Herschberger</u>, 173 F.3d 1059 (7th Cir. 1999), Jake, who was originally in

federal custody after an arrest by federal authorities but was released on bail, committed unrelated

state crimes while out on bail and was arrested by state authorities.  He was in a state correctional

facility when the federal court issued its Writ of Habeas Corpus ad Prosequendum so that Jake

could be brought to federal court  for his arraignment, his jury trial and his sentencing.  After

sentencing he was returned to state authorities.  As the Seventh Circuit Court explained in its

opinion,  a Writ of Habeas Corpus ad Prosequendum,

> permits one sovereign - called the 'receiving sovereign' - to 'borrow' temporarily a person
> in the custody of another sovereign - called the 'sending sovereign' - for the purpose of
> prosecuting him.  It thus permits the receiving sovereign to perform such acts as indicting ,
> arraigning, trying, and sentencing the person.  <u>See Flick v. Blevins, 887 F. 2d 778, 781
> (7th Cir. 1989).</u>  Because the receiving sovereign merely obtains limited jurisdiction over
> the 'borrowed' prisoner, the prisoner is still under the jurisdiction of the sending
> sovereign, and is considered to be in the custody of the sending sovereign not the
> receiving sovereign.

<u>Jake v. Herschberger</u>, supra, at 1061, fn.1.

   21.  The above quote explains why the Third Judicial District Court had the necessary

authority to sentence Petitioner even if he was still considered to be in the custody of the U.S.

Marshal and the federal courts.  The state court had limited jurisdiction over Petitioner pursuant to the Writ of Habeas Corpus ad Prosequendum and was thus able to sentence Petitioner on August 5, 2005.

22.   This also explains why Petitioner remained in his green federal custody prison uniform rather than changing into a state custody orange prison uniform when he attended his state court sentencing hearing.  The sending sovereign - the federal authorities - still had custody of Petitioner even though the receiving sovereign - the state court -  had temporarily borrowed the prisoner for his sentencing.  Thus, the federal authorities were within their right to keep Petitioner in his federal prison uniform while being sentenced by a state court judge.

23.   The legal standard for dismissing a Petition for the Writ of Habeas Corpus for failure to state a claim upon which relief can be granted is the same as that for dismissing a Complaint under Fed. R. Civ. P. 12(b)(6).   The allegations of the Petition are accepted as true and viewed in the light most favorable to the Petitioner.  Reasonable inferences raised in the Petition are resolved in favor of the Petitioner.  However, if it appears beyond a doubt that Petitioner can prove no set of facts that would entitle him to the relief sought, the Motion to Dismiss should be granted.  See, e.g., David v. City and County of Denver, 101 F.3d 1334, 1352 (10th Cir. 1996), cert. denied, 522 U.S. 858 (1997).

24.  The Magistrate Judge finds that the Petition fails to allege any facts which would establish that Petition is in custody pursuant to a judgment of a State Court in violation of the Constitution or laws of the United States.  Therefore, the Magistrate Judge finds that the Petition fails to state a claim upon which relief can be granted.

9

RESPONDENT HAS NOT VIOLATED LOCAL RULES WITH ITS PLEADINGS

25.   Petitioner moved this Court to strike Respondent's Answer, Motion to Dismiss and Memorandum in Support of the Motion to Dismiss because the pleadings violated the Local Civil Rules of the United States District Court for the District of New Mexico.  Petitioner has misread the Local Rules concerning the pleadings.  Petitioner contends that the Motion and Memorandum in Support of the Motion exceed the allowable page limits.  Local Rule 7.7 states that the combined length of the two documents may not exceed twenty-seven pages.  The Motion and Memorandum [Doc. Nos. 13 and 14] are ten pages combined, well within the twenty-seven page limit.

26.   The Answer itself, [Doc. No. 15], is four pages long.  There are numerous Exhibits that are attached to the Answer.  Local Rule 10.4 states that exhibits are not attached to a pleading unless the documents form the basis for the action or defense.  In this case the exhibits attached to the Answer, consisting of the Judgments and Sentences in state court and federal court, the subsequent motion in state court, and the state habeas corpus petition, form the basis for the defense raised in the Answer - that the Petitioner has failed to exhaust his claim in state court or in the alternative, that the Petition fails to state a claim upon which relief can be granted. Therefore, Respondent has not violated Local Rule 10.4 by attaching necessary, relevant exhibits to the Answer that form the basis for its defense.

27.   The Court finds that pleadings filed by the Respondent do not violate the Local Rules of the District of New Mexico.  Petitioner's Motion to strike the pleadings for failure to comply with the District's Local Rules has no basis in fact and should be denied.

28.   In his Response to the Motion to Dismiss, Petitioner requests that he be appointed

legal counsel. [Doc. No. 16]. Although Petitioner has not moved separately for Appointment of Counsel, the Court will treat the request as a Motion.

29.  The Court considers several factors when considering whether to appoint counsel - "the merits of the litigant's claims, the nature of the factual issues raised by the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Rucks v. Boergermann, 57 F. 3d 978, 979 (10th Cir. 1995) (quoting Williams v. Meese, 926 F. 2d 994, 996 (10th Cir. 1991)).

30.  Petitioner was represented by appointed counsel in both state and federal court in the process of negotiation of the plea agreements, the entry of his pleas and his state and federal court sentencings.  Petitioner represented himself in his post-sentencing motion made to state court and represents himself currently in his state and federal habeas corpus proceedings.

31.  Petitioner has been able to present his claims to this Court in a reasonable manner in his Petition for the Writ of Habeas Corpus.

32.  The recommendation of this Court to deny the Petition for the Writ of Habeas Corpus is based on the allegations of the Petition.  The assistance of counsel for the Petitioner would not have altered the analysis of the Court or altered its recommendation.  Therefore, the Court recommends that the Petitioner's Motion for the Appointment of Counsel be denied.


## RECOMMENDATION

33.  The Court recommends that the Petition for the Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2254, be DENIED because the Petition fails to state a claim upon which relief can be granted and that the Petition be DISMISSED WITH PREJUDICE.  The Court also

recommends that the Respondent's Motion to Dismiss be GRANTED.

34.  The Court further recommends that Petitioner's Motion to Strike the Respondent's Pleadings for failure to comply with the Local Civil Rules of the United States District Court for the District of New Mexico be DENIED and that Petitioner's Motion for the Appointment of Counsel be DENIED.

<u>NOTIFICATION</u>

THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE